UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                :

EGE KILINC

                                                :       <u>ORDER</u>

                Plaintiff,                  :
                                                    25 Civ. 7931 (AT) (GWG)
                                              :
    -v.-
                                              :

PMMUE EDUSERVICES PRIVATE LIMITED    :
et al.,
                                              :

                Defendants.              :
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Before us are five letters from the parties requesting various forms of relief. <u>See</u> Docket ## 50, 51, 52, 54, 57. We address herein the issues raised by these letters.

      1.  Plaintiff Ege Kilinc asks us to strike Docket # 48, which he characterizes as "an earlier draft" of his reply memorandum of law in support of a preliminary injunction. <u>See</u> Docket # 50. As defendants point out, Docket # 48 was filed by the October 24, 2025 deadline for plaintiff's reply, but Docket # 49, the corrected version of Docket # 48, was not. <u>See</u> Docket # 54, at 2. Plaintiff states that he filed Docket # 48 on October 24 "in error" and that he attempted to file Docket # 49 the next day but could not do so until October 27 for technical reasons that required the assistance of the Pro Se Intake Unit. Docket # 50. Plaintiff has shown good cause under Fed. R. Civ. P. 6(b) to extend the October 24 deadline. While it is unnecessary to strike Docket # 48 from the record, we accept Docket # 49 as timely filed.

      2.  Defendants annexed two exhibits to a declaration opposing the preliminary injunction, <u>see</u> Docket ## 40-1, 40-2, which both parties seek to seal, <u>see</u> Docket # 51, at 2; Docket # 57. The parties believe these exhibits contain personally identifiable information that should be redacted under Fed. R. Civ. P. 5.2(a). Docket # 51, at 1; Docket # 57. We agree that the exhibits should be filed in the proposed redacted form to protect personal privacy. <u>See</u> Docket ## 57-1, 57-2. Plaintiff asks only that his own address not be redacted. <u>See</u> Docket # 58, at 1. Accordingly, defendants should refile the exhibits with the proposed redactions, except that plaintiff's address should not be redacted.

      3.  Defendants request leave to file a sur-reply to Docket # 49. <u>See</u> Docket # 54, at 2. Because plaintiff annexed a number of declarations for the first time to his reply papers and

appears to have raised new arguments in his reply memorandum, this request is granted. On or before November 12, 2025, defendants may file sur-reply papers which should address only issues newly-raised by plaintiff in his reply papers.

      4. Defendants seek to file a copy of a "certified transcript" relating to matters raised by plaintiff in his reply brief. See Docket # 54, at 2-3. Because defendants are being permitted to file sur-reply papers, this request is granted.

      5. With regard to defendants' complaints about the length of plaintiff's papers, see Docket # 54, at 2, ¶ 2.D of the Court's Individual Practices does not impose any page limit on memoranda of law, notwithstanding Local Civil Rule 7.1(c). It does, however, require parties to "make every effort to eliminate repetitive or unnecessary mater from memoranda so as not to unnecessarily burden the Court." The Court expects both sides to adhere to this directive.

      6. Plaintiff seeks various forms of relief in Docket # 51 resulting from his contention that defendants' filings are infirm in various ways. See Docket # 51, at 2-4. Any such issues go to the weight of the defendants' evidence and arguments, and will be considered in due course as part of the adjudication of the request for a preliminary injunction.

      7. Finally, we note that while plaintiff at one time sought to file certain unspecified declarations under seal, see Docket # 52, plaintiff has since withdrawn this request, see Docket # 55, at 2.

      SO ORDERED.

Dated: November 4, 2025
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge