UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EGE KILINC
                                                            :          ORDER
              Plaintiff,                                    :
                                                                       25 Civ. 7931 (AT) (GWG)
                                                            :
     -v.-
                                                            :

PMMUE EDUSERVICES PRIVATE LIMITED                           :
et al.,
                                                            :

              Defendants.                                   :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      It has come to the Court's attention that there are a number of fabricated quotations or citations in plaintiff's filing entitled "PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION" and dated October 25, 2025 (Docket # 49).

      We give three examples:

- Docket # 49, at 30: *See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 243–44 (2d Cir. 2007) ("even a single act of purposeful electronic solicitation may establish jurisdiction under CPLR § 302(a)(1) where it gives rise to the cause of action").* The cited case does not contain this quotation.

- Docket # 49, at 48: *In C.S. v. Columbia University, Case 1:24-cv-03232 (S.D.N.Y. 2024) (Torres, J.), Jewish students sought injunctive relief after being effectively excluded from campus by ongoing threats to their safety. There, the Court found both as a matter of law and equity that being forced to choose between "physical safety and in-person university attendance" is itself irreparable harm that cannot be compensated by money damages.* While a case with the cited name exists with the cited docket number, the docket does not reflect any decision issued in that case by Judge Torres that contains the quoted language.

- Docket # 49, at 50: *Indeed, as the Second Circuit has recognized, "the loss of educational opportunities . . . is not adequately compensable by money damages." D.D. ex rel. V.D. v. New York City Board of Education, 465 F.3d 503, 511 (2d Cir. 2006).* The cited case does not contain this quotation.

We note that there appear to be other instances of fabricated citations or quotations in Docket # 49.

"Without question, it is improper and unacceptable for litigants — including pro se litigants — to submit 'non-existent judicial opinions with fake quotes and citations.'" Anonymous v. N.Y.C. Dep't of Educ., 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (quoting Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)). Accordingly, plaintiff is directed to examine every case citation in Docket # 49. With respect to those citations in aggregate, he shall file a sworn statement that includes or attaches two lists. List # 1 shall be a listing (in alphabetical order by first name of the case) of case citations he contends are accurate. List # 2 shall be a listing (in alphabetical order by first name in case) of case citation he now recognizes are improper in any respect — whether it be a fabricated quotation, an incorrect case name, an incorrect database citation, an incorrect docket number, a citation that does not support the contention for which the case was cited, a case that does not exist, or any other reason. For each case on List # 2, he shall (1) specify the manner in which the citation was improper or inaccurate; and (2) give the reason he included that citation in the brief, including an explanation of the source of the improper citation, if any. If he wishes, plaintiff may supply a corrected citation, if one exists. Plaintiff shall also inform the Court in this sworn statement if he is aware of citations in documents other than Docket # 49 that are false or fabricated in any way.

Plaintiff shall file the sworn statement on or before December 3, 2025. Following the filing of this statement, the Court will issue an Order to Show Cause in the event the Court believes that a sanction is appropriate.

SO ORDERED.

Dated: November 21, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge