UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
EGE KILINC
                                                                  :         ORDER

                                        Plaintiff,                :
                                                                            25 Civ. 7931 (AT) (GWG)
                                                                  :

       -v.-                                                       :

                                                                  :

PMMUE EDUSERVICES PRIVATE LIMITED                                 :
et al.,
                                                                  :

                                        Defendants.               :
------------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       We address herein a number of matters that have been raised in recent letters.

       **1.** In Docket # 62, plaintiff alleges that defendant PMMUE Eduservices Private Limited, doing business as Tetr College of Business ("Tetr"), has embarked on a "campaign of unlawful intimidation" aimed at preventing students at Tetr "from providing truthful testimonies in support of this lawsuit."  Docket # 62, at 2.  He seeks "an immediate Protective Order prohibiting Defendants, their counsel, and all their agents . . . from confronting, intimidating, threatening, disciplining, or taking any adverse action . . . against any current or former student who may be a potential witness or participant in this case."  Id. at 3.  Plaintiff cites no statute or case that provides a legal basis for such an order.

       As defendant observes, plaintiff "did not file the motion with proper notice."  Docket # 77, at 2.  Further, per ¶ 2.A of the Court's Individual Practices, a party must request a pre-motion conference before bringing a motion.  Unless authorization is given to seek relief by letter, any motion must also comply with Local Civil Rule 7.1.  These failures alone provide a basis on which to deny plaintiff's application.

       In any event, we see no reason to issue any order on this point.  In support of his application, plaintiff presents a sworn declaration from Siddhant Garg, who identifies himself as a student at Tetr.  See Docket # 63.  Garg states that he was "privately and physically confronted" on October 27, 2025 by defendant's employee Jessica Varghese, who told him that "joining the case would be considered 'disruptive behavior' and action would be taken against [him] immediately."  Docket # 63 ¶ 6.  Defendant admits that Varghese "asked [Garg] to stop speaking about the litigation in public areas" on October 27, Docket # 64, at 2, but submits a sworn

declaration from Varghese denying the remainder of Garg's statement, see Docket # 66. Varghese states that no action has been taken against Garg, see id. ¶ 3, and defendant represents to the Court that it "does not intimidate or threaten students," Docket # 64, at 3.

In response to defendant's filings, plaintiff submitted four more sworn declarations, one each from himself and Garg, and two from individuals who identify themselves as students at Tetr: Ronak Gundecha and Prem Shah. See Docket ## 73, 74, 75, 76. Plaintiff's declaration does nothing to substantiate the "campaign of unlawful intimidation" he alleges. Garg contests aspects of Varghese's account of their interaction on October 27 but offers no new claims of wrongful conduct on defendant's part. Shah and Gundecha indicate that they have no personal knowledge of the interaction between Garg and Varghese. Docket # 73 ¶ 19; Docket # 74 ¶ 22.

We do not believe that judicial intervention is required. We have no basis for concluding that Garg, Gundecha, and Shah are potential witnesses in this action. Indeed, Garg and Shah profess minimal familiarity with plaintiff. See Docket # 63 ¶ 15; Docket # 73 ¶ 3. In any case, it is plain that defendant understands that it is not permissible to intimidate or threaten students. The Court reminds plaintiff that the same principle applies to him, and that he must not suggest to any potential witness that it would be improper for that witness to contact defendant.

**2.** In Docket # 81, plaintiff claims he has "an audio recording documenting the Defendants making explicit direct threats and continuing to intimidate and tamper with current students regarding this litigation." Docket # 81, at 1. Plaintiff seeks leave to submit this recording under an "attorneys' eyes only" designation, which would prevent defendant's counsel from sharing it with their clients at Tetr. See id. at 2.

This application — which likewise lacks citations to any legal authority — is denied because it would unreasonably limit the ability of defendant's counsel to verify (and rebut) the recording by discussing it with their clients.

**3.** In Docket # 71, plaintiff seeks leave to submit a sworn declaration from a translator. See Docket # 71. While the Court questions whether the material that is the subject of the translation will have any relevance to the Court's disposition of the plaintiff's motion for a preliminary injunction, defendant does not oppose its submission. Accordingly, plaintiff is given leave to file the declaration on or before December 2, 2025. If defendant wishes to respond, it may do so by December 9, 2025.

**4.** In Docket # 72, plaintiff principally seeks (a) to compel production of a recording and a transcript of a September 5, 2025 meeting between himself and Tetr, and (b) to preclude defendant from relying on a partial transcript of the meeting filed at Docket # 69-1 "until the full transcript and the original audio files are produced" and authenticated. Docket # 72, at 5. We deny this request on the current record. First, plaintiff's correspondence with defendant's counsel, which he attached to Docket # 72, indicates that he possesses a "complete record" of the September 5, 2025 meeting. See Docket # 72, at 12. Second, while plaintiff contends the partial transcript might be "selectively cropped," id. at 2, preclusion is not warranted when plaintiff does not challenge the partial transcript's accuracy and where plaintiff is himself in possession of a "complete record" of the September 5, 2025 meeting.

**5.** In Docket # 80, plaintiff seeks to seal Docket # 37-6 with the exception of pages 31-34. See Docket # 80, at 4.  Docket # 37-6, filed by defendant, consists of attachments plaintiff sent to Tetr College of Business on July 31, 2025.  See Docket # 37 ¶ 10.  Plaintiff characterizes defendant's decision to file Docket # 37-6 as "malicious," but the Court does not fault defendant for filing it when plaintiff himself put into the record the email to which Docket # 37-6 was attached.  See Docket # 1-2, at 57-61.  Defendant takes no position on plaintiff's request to seal Docket # 37-6.  See Docket # 82, at 2.  Because Docket # 37-6 contains copious information irrelevant to the disposition of this case and sealing it will to some degree protect plaintiff and another individual's personal privacy, we grant plaintiff's request.

Plaintiff also seeks to seal Exhibits M through O of Docket # 46 (a document he previously filed) to protect the personal privacy of another individual.  See Docket # 80, at 4. Again, given the privacy interests at stake and defendant's lack of objection, the request is granted.

Accordingly, the Clerk of Court is directed to seal Docket # 37-6 and Docket # 46 so that they are available only to Court users.  On or before December 2, 2025, defendant shall refile a redacted version of Docket # 37-6, leaving only pages 31-34 unredacted.  On or before the same date, plaintiff shall re-file Docket # 46 with only Exhibits M through O redacted.

The sealing of these two documents shall not prevent the parties from citing portions that may be relevant to issues in this case.

Finally, we note that plaintiff has made numerous filings that have served only to delay his request for a preliminary injunction.  Plaintiff is advised that unnecessary filings "strain the finite resources of the Court" and must not be made in the future.  Miller v. Apple, Inc., 2025 WL 1195950, at *1 (S.D.N.Y. Apr. 22, 2025).

SO ORDERED.

Dated:  November 26, 2025
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge