UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :

EGE KILINC

                                            :      <u>ORDER</u>

           Plaintiff,          :

                                              25 Civ. 7931 (AT) (GWG)

                                            :

     -v.-

                                            :

PMMUE EDUSERVICES PRIVATE LIMITED   :
et al.,

                                            :

          Defendants.        :
-------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Plaintiff has now filed a letter modifying his application for preliminary injunctive relief. <u>See</u> Docket # 88. While it certainly helpful that plaintiff has narrowed his requests, this letter further complicates the Court's already formidable task in piecing together plaintiff's application from the numerous filings he has made to date. Further, it appears from Docket # 88 that yet again there have been factual developments that materially affect plaintiff's requests.

      Accordingly, the application for a preliminary injunction in its current fractured form will no longer be considered. Instead, plaintiff is directed to file a memorandum of law in support of his application for a preliminary injunction that <u>will supersede all prior memoranda of law and supplementary letters filed by plaintiff</u>. This superseding memorandum of law must comply with the word count limitations in S.D.N.Y. Local Civil Rule 7.1(c). In light of this limitation, and to spare the Court unnecessary reading, the superseding memorandum of law shall not describe the procedural history of this case, shall not incorporate by reference any other filing, and shall not set forth any facts not directly relevant to the requests for preliminary injunctive relief. Instead, the memorandum of law shall (1) set forth precisely what preliminary injunctive relief is being sought; (2) set forth only those facts pertinent to the application (with each factual statement in this section followed by a citation to competent record evidence); and (3) contain a section that provides legal argument as to why plaintiff is entitled to the relief he seeks and which includes citations to cases and other authorities.

      In this superseding memorandum of law, plaintiff may cite to any sworn statement already in the record by docket number and page. It is not necessary to re-file any such statements. If necessary, however, plaintiff may file a new sworn statement to the extent facts not previously available are cited in the memorandum of law.

Plaintiff shall file the superseding memorandum of law (and any supporting papers) by December 23, 2025.  Any opposition (and supporting papers) shall be filed by January 14, 2026.  The opposition memorandum of law is subject to the same word count limitations and other requirements set forth above, except that defendants may rely instead on their prior opposition if they wish.  Any reply memorandum of law from plaintiff shall be filed by January 21, 2026.

On a different topic, the Court further directs the parties to inquire of each other whether there is any interest in a settlement of this action.  If so, the Court is prepared to refer this case to the Court's mediation program.  If plaintiff wishes, the Court will also seek to determine if it can get an attorney to volunteer to assist plaintiff in the mediation, though obtaining such assistance is not guaranteed and may take several weeks.  The Court will only take this path if both parties are interested, however.  If so, they should file a letter with jointly approved text so requesting.  They should also state their position on whether briefing on the preliminary injunction as set forth herein should be stayed pending the mediation.  If either one side or both sides are not interested in mediation, the parties should not make any filing.

SO ORDERED.

Dated: December 3, 2025
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge