UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                         :

EGE KILINC

                         :      <u>ORDER</u>

         Plaintiff,        :

                              25 Civ. 7931 (AT) (GWG)

                         :

    -v.-

                         :

PMMUE EDUSERVICES PRIVATE LIMITED  :
et al.,

                         :

       Defendants.       :
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       With respect to the application in plaintiff's letter filed April 15, 2026 (Docket # 138), the Court's form regarding PACER fees — submitted by plaintiff himself to the Court, along with a signed form consenting to electronic service (Docket # 3) — makes clear that a <u>pro</u> <u>se</u> litigant who consents to electronic service must immediately download and save any filing served on him electronically, as the filing is guaranteed to be available free of charge only once. (If plaintiff did not keep a copy of Docket # 3, the Court's form regarding PACER fees is available here: https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf.) Thus, plaintiff was informed that there would likely be a charge for anything other than a single download of a document filed in this case. Additionally, the PACER system informs a user exactly what a download will cost. Plaintiff's letter indicates that he far exceeded the permitted parameters for electronic service, ran up a bill, and is now "locked . . . out" of his PACER account. Docket # 138 at 1. But the accrual of any charges was completely avoidable.

       The Court understands that the PACER lockout prevents plaintiff from getting the one free download that comes with consenting to electronic service. For this reason, the Court is separately issuing a memorandum endorsement of his letter supporting a credit request and asking that the request be expedited (Docket # 139). The Court's understanding is that it has no power to issue a "waiver" of fees. Instead, plaintiff must follow the credit request process as stated in https://pacer.uscourts.gov/my-account-billing/billing. The form he must use is found here: https://pacer.uscourts.gov/sites/default/files/files/PACER%20Credit%20Request%20Form.pdf.

The Court notes that this form states that it may take "several weeks" to process a credit request.  The Court will not delay this case any further in the meantime.  The Court rejects plaintiff's assertion that his lockout is "actively preventing" him from filing anything.  Plaintiff should be making filings by emailing documents to the Pro Se Office at: prose@nysd.uscourts.gov.  No PACER account is needed.

Plaintiff also asserts that his lockout prevents him from "viewing the filings."  Docket # 138 at 1.  To the extent he is referring to past filings in this case, a pro se litigant has no entitlement to use the PACER system to view past filings.  Instead, the pro se litigant either receives documents by U.S. mail or, if he has consented to electronic service, is expected to download and save the filings at the time they are filed, since he is entitled to view them only once without charge.  Thus, even if plaintiff receives a credit, he still would not be entitled to view past filings without charge.  It appears that plaintiff instead wants the opportunity to run up more fees "for a few months."  Docket # 138 at 1.  The Court has no authority to permit this and will not again support any future credit request.  It is recommended that plaintiff seek copies of any documents he does not have from defendants.  The Court's previous Order barring plaintiff from making contact with defendant's counsel (Docket # 121) is modified solely for the purpose of permitting plaintiff to make a polite request for such documents.

In the meantime, the Court directs defendants to email plaintiff any future filings in this case (both defendants' filings and any orders that are issued).  If plaintiff does not agree to such service, he should immediately inform the Court; the Court will thereupon revoke plaintiff's consent to electronic service, and he will be served in the same manner as most pro se litigants: by U.S. mail.

Plaintiff should inform the Court immediately if his PACER access is reinstated.

In accordance with the above, defendants are directed to email to plaintiff a copy of this Order and of the Court's recent Orders (Docket # 136, 137, and 139).

SO ORDERED.

Dated:  April 20, 2026
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2